UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**THOMAS RIDGEWAY**                                                      **PLAINTIFF**

**v.**                                            **CIVIL ACTION NO. 4:12CV-P90-M**

**COMMONWEALTH OF KENTUCKY** *et al.*                     **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

This matter is before the Court on a notice received from the United States Postal Service that a Memorandum and Order entered on January 3, 2013 (DN 13), and sent to Plaintiff Thomas Ridgeway was returned marked "Return to Sender, Refused, Unable to Forward."

**I.**

At the outset, the Court observes that Plaintiff currently has an interlocutory appeal pending in the Sixth Circuit challenging a non-dispositive decision of this Court. "As a general rule, a district court no longer has jurisdiction over an action as soon as a party files a notice of appeal" unless "the appeal is untimely, presents issues that the appellate court had previously decided in the same case, or is from a non-final, non-appealable order." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993). A notice of appeal from a plainly non-appealable order may properly be ignored by the district court. *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981). Accordingly, while the district court lacks jurisdiction to outright dismiss the improper appeal, *Dickerson v. McClellan*, 37 F.3d 251, 252 (6th Cir. 1994), it may nevertheless proceed to adjudicate the merits of the underlying action as if the improper appeal had not been filed. *Cochran*, 641 F.2d at 1222. Upon review of the pending notice of appeal (DN 9) filed by Plaintiff, the Court finds that it is an attempt to appeal a non-final, non-appealable order, and therefore, does not divest this Court of its jurisdiction.

## II.

After initiating this action, Plaintiff filed a "motion for in forma pauperis."  However, he failed to file the motion on the Court's prisoner application to proceed without prepayment of fees and affidavit form or to file a prison trust account statement as required by 28 U.S.C. § 1915(a)(2), despite having been ordered to do so by the Court and having received the appropriate form from the Clerk of Court.  The Court therefore denied Ridgeway's motion but gave Ridgeway another opportunity to comply with 28 U.S.C. § 1915(a)(2) and again directed the Clerk to send Ridgeway the appropriate form.

Ridgeway again failed to comply with the Court's Order and instead filed a notice of appeal.  However, Ridgeway failed to pay the $455.00 filing fee for an appeal or to file an application to proceed without prepayment of fees and a certified copy of his prison trust account statement.  After receiving a deficiency notice from the Clerk of Court, Ridgeway then filed a motion for leave to proceed *in forma pauperis* on appeal.  However, that motion was not filed on the Court's approved form and did not include Ridgeway's prison trust account statement.  The Court again entered a Memorandum and Order directing him to file his motion on the appropriate form and to submit his prison trust account statement as required by 28 U.S.C. § 1915(a)(2).

On January 18, 2013, that Memorandum and Order was returned by the United States Postal Service marked "Return to Sender, Refused, Unable to Forward."  Plaintiff has not advised the Court of a change of address.  Therefore, neither notices from the Court nor filings by Defendants in this action can be served on Plaintiff.  In such situations, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have

2

remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).  Because it appears to this Court that Plaintiff has abandoned any interest in prosecution of this case, the Court will dismiss the case by separate Order.

Date:     March 29, 2013

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Clerk, Sixth Circuit Court of Appeals (No. 12-6477)
4414.010

3